**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
Steven J. Reisman
Turner P. Smith
Maryann Gallagher
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
E-Mail: sreisman@curtis.com
         tsmith@curtis.com
         mgallagher@curtis.com

*Counsel for American Express Travel Related*
 *Services Company, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ X
                                                             :
In re                                                        :   Chapter 11
                                                             :
BEARINGPOINT, INC., et al.                                   :   Case No.: 09-10691 (REG)
                                                             :
                                Debtors.                     :   (Jointly Administered)
                                                             :
------------------------------------------------------------ X
                                                             :
JOHN DeGROOTE SERVICES LLC,                                  :
                                                             :
                                Plaintiff,                   :
                                                             :
              v.                                             :
                                                             :   Adversary No.: 11-01483 (REG)
AMERICAN EXPRESS TRAVEL RELATED                              :
SERVICES COMPANY, INC.,                                      :
                                                             :
                                Defendant.                   :
                                                             :
------------------------------------------------------------ X
```

**DEFENDANT'S FIRST AMENDED ANSWER,**
**AFFIRMATIVE DEFENSES AND FIRST AMENDED COUNTERCLAIM**
**TO PLAINTIFF'S AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

American Express Travel Related Services Company, Inc. ("**American Express**" or

"**Defendant**"), by and through its counsel, Curtis, Mallet-Prevost, Colt & Mosle LLP, as and for its

answer to the amended complaint (the "**Amended Complaint**"), dated May 23, 2011, of the plaintiff, John DeGroote Services, LLC, solely in its capacity as Liquidating Trustee of the BearingPoint, Inc. Liquidating Trust (the "**Liquidating Trustee**" or "**Plaintiff**"), which seeks to avoid and recover certain alleged preferential and fraudulent transfers made by the debtors in the above-captioned bankruptcy cases ("**Debtors**") pursuant to Sections 547, 548, 549 and 550 of Title 11 of the United States Code (as amended, the "**Bankruptcy Code**") and for conversion, negligent misrepresentation, unjust enrichment, and, in the alternative, breach of contract, respectfully avers as follows:

1.    Defendant admits the allegations contained in paragraph 1 of the Amended Complaint.

2.    The allegations contained in paragraph 2 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

3.    The allegations contained in paragraph 3 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

4.    The allegations contained in paragraph 4 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6.    In response to paragraph 6 of the Amended Complaint, Defendant, upon information and belief, admits that on December 22, 2009, this Court confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated November 2, 2009.

However, Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that the Plan[1] became effective by its terms.

       7.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

       8.     The allegations contained in paragraph 8 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

       9.     The allegations contained in paragraph 9 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

       10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

       11.     Defendant denies the allegations contained in paragraph 11 of the Amended Complaint.

       12.     Defendant admits the allegations contained in paragraph 12 of the Amended Complaint, except that it refers to the Original Agreement and the Master Agreement alleged for the contents thereof.

       13.     Defendant admits the allegations contained in paragraph 13 of the Amended Complaint, except that it refers to the Master Agreement alleged for the contents thereof and lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the use of the Central Bill Cards.

       14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

---

[1] For purposes of Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint, Defendant adopts the defined terms used by Plaintiff in the Amended Complaint.

9739533

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint, except that it denies that BearingPoint's payment method with regard to Employee Cards was "unusual."

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Amended Complaint, except that it admits that the Bankruptcy Court authorized the Debtors to make postpetition payments to Defendant on account of Employee Cards.

25.     Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

9739533

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Amended Complaint.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of the Amended Complaint, but admits that, on January 16, 2009, it entered into the Letter Agreement alleged, and refers to the Letter Agreement for the contents thereof.

30.     Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint, except that it admits that on January 20, 2009, BearingPoint caused Wells Fargo to issue an $8 million letter of credit in favor of Defendant.

34.     The allegations contained in paragraph 34 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied, except that Defendant admits that, during BearingPoint's bankruptcy, it reduced the LC to $700,000 upon the request of BearingPoint, and that, on January 5, 2011, Defendant drew the $700,000 remaining on the LC.

9739533

35.     The allegations contained in paragraph 35 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

### FIRST CAUSE OF ACTION
### AVOIDANCE AND RECOVERY OF THE EMPLOYEE CARD TRANSFERS

36.     In response to paragraph 36 of the Amended Complaint, Defendant repeats its responses to the preceding paragraphs as if set forth in full herein, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Employee Card Transfers.

37.     The allegations contained in paragraph 37 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint, except that it admits it was a creditor of BearingPoint and denies that it had a credit card facility with the Debtors.

39.     The allegations contained in paragraph 39 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and refers to the Master Agreement and its amendments for the contents thereof.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.

41.     The allegations contained in paragraph 41 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

42. The allegations contained in paragraph 42 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

43. The allegations contained in paragraph 43 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

**SECOND CAUSE OF ACTION**
**AVOIDANCE AND RECOVERY OF THE CENTRAL BILL CARD TRANSFERS**

44. In response to paragraph 44 of the Amended Complaint, Defendant repeats its responses to the preceding paragraphs as if set forth in full herein, and denies the allegations regarding the Central Bill Card Transfers.

45. The allegations contained in paragraph 45 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint, but admits it was a creditor of BearingPoint and denies that it had a credit card facility with the Debtors.

47. The allegations contained in paragraph 47 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and refers to the Master Agreement alleged for the contents thereof.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint.

9739533

49. The allegations contained in paragraph 49 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

50. The allegations contained in paragraph 50 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

51. The allegations contained in paragraph 51 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

## THIRD CAUSE OF ACTION
## AVOIDANCE AND RECOVERY OF THE P-CARD TRANSFERS

52. In response to paragraph 52 of the Amended Complaint, Defendant repeats its responses to the preceding paragraphs as if set forth in full herein, and denies the allegations regarding the P-Card Transfers.

53. The allegations contained in paragraph 53 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint, but admits it was a creditor of BearingPoint and denies that it had a credit card facility with the Debtors.

55. The allegations contained in paragraph 55 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and refers to the Master Agreement alleged for the contents thereof.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended Complaint.

57. The allegations contained in paragraph 57 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

58. The allegations contained in paragraph 58 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

59. The allegations contained in paragraph 59 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

## FOURTH CAUSE OF ACTION
## AVOIDANCE OF THE PREFERENTIAL LC TRANSFER

60. In response to paragraph 60 of the Amended Complaint, Defendant repeats its responses to the preceding paragraphs as if set forth in full herein, and denies the allegations regarding BearingPoint's alleged transfer of a security interest in cash collateral for the benefit of American Express totaling $8.4 million.

61. The allegations contained in paragraph 61 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Complaint regarding the LC Transfer, but admits it was a creditor of BearingPoint during the 90 days prior to the Petition Date.

9739533

63. The allegations contained in paragraph 63 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

64. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint.

65. The allegations contained in paragraph 65 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

66. The allegations contained in paragraph 66 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

67. The allegations contained in paragraph 67 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, they are denied.

**FIFTH CAUSE OF ACTION**
**AVOIDANCE AND RECOVERY OF UNAUTHORIZED**
**POSTPETITION CENTRAL BILL CARD TRANSFERS UNDER 11 U.S.C. § 549**

68. In response to paragraph 68 of the Amended Complaint, Defendant repeats its responses to the preceding paragraphs as if set forth in full herein.

69. The allegations contained in paragraph 69 of the Amended Complaint are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

9739533

## SIXTH CAUSE OF ACTION
## AVOIDANCE AND RECOVERY OF UNAUTHORIZED
## POSTPETITION P-CARD TRANSFERS UNDER 11 U.S.C. § 549

70.     In response to paragraph 70 of the Amended Complaint, Defendant repeats its responses to the preceding paragraphs as if set forth in full herein.

71.     The allegations contained in paragraph 71 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

## SEVENTH CAUSE OF ACTION
## AVOIDANCE AND RECOVERY OF LC TRANSFER
## AND CREDIT LOSS OBLIGATIONS UNDER 11 U.S.C. § 548

72.     In response to paragraph 72 of the Amended Complaint, Defendant repeats its responses to the preceding paragraphs as if set forth in full herein.  Defendant admits that it entered into the Letter Agreement with BearingPoint, but refers to the Letter Agreement for the contents thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding BearingPoint's purpose in making the LC Transfer and denies the allegations with respect to the amount of the Credit Loss Obligations.

73.     The allegations contained in paragraph 73 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

74.     The allegations contained in paragraph 74 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

75.     The allegations contained in paragraph 75 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.

9739533

76.     The allegations contained in paragraph 76 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

## EIGHTH CAUSE OF ACTION
## CONVERSION

77.     In response to paragraph 77 of the Amended Complaint, Defendant repeats its responses to the preceding paragraphs as if set forth in full herein.

78.     The allegations contained in paragraph 78 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

79.     The allegations contained in paragraph 79 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

80.     The allegations contained in paragraph 80 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

## NINTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

81.     In response to paragraph 81 of the Amended Complaint, Defendant repeats its responses to the preceding paragraphs as if set forth in full herein.

82.     The allegations contained in paragraph 82 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

9739533

83.     The allegations contained in paragraph 83 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

84.     The allegations contained in paragraph 84 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Amended Complaint.

86.     The allegations contained in paragraph 86 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

87.     The allegations contained in paragraph 87 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied

88.     The allegations contained in paragraph 88 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

### TENTH CAUSE OF ACTION
### UNJUST ENRICHMENT

89.     In response to paragraph 89 of the Amended Complaint, Defendant repeats its responses to the preceding paragraphs as if set forth in full herein.

90.     The allegations contained in paragraph 90 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

9739533

91.     The allegations contained in paragraph 91 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

**ELEVENTH CAUSE OF ACTION**
**BREACH OF CONTRACT**

92.     In response to paragraph 92 of the Amended Complaint, Defendant repeats its responses to the preceding paragraphs as if set forth in full herein.

93.     The allegations contained in paragraph 93 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

94.     Defendant denies the allegations contained in paragraph 94 of the Amended Complaint, except that it admits that BearingPoint was liable for the Credit Loss Obligations.

95.     Defendant denies the allegations contained in paragraph 95 of the Amended Complaint.

96.     Defendant denies the allegations contained in paragraph 96 of the Amended Complaint.

97.     The allegations contained in paragraph 97 of the Amended Complaint are conclusions of law to which no response is required.  To the extent the allegations are deemed factual, they are denied.

**FIRST AFFIRMATIVE DEFENSE**

98.     The Amended Complaint fails to state a claim upon which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

99.     The Employee Card Transfers, the Central Bill Card Transfers, and the P-Card Transfers were in payment of a debt incurred by BearingPoint and/or other Debtors in the ordinary

9739533

course of business or financial affairs of BearingPoint and/or other Debtors and Defendant, and such transfers were made in the ordinary course of business or financial affairs of BearingPoint and/or other Debtors and Defendant, and/or according to ordinary business terms, as contemplated by Section 547(c)(2) of the Bankruptcy Code.

**THIRD AFFIRMATIVE DEFENSE**

100.    The Employee Card Transfers, Central Bill Card Transfers, P-Card Transfers, and the LC Transfer were intended as, and constituted, contemporaneous exchanges for new value given to BearingPoint and/or other Debtors and, therefore, are not avoidable by the Liquidating Trustee as contemplated by Section 547(c)(1) of the Bankruptcy Code.

**FOURTH AFFIRMATIVE DEFENSE**

101.    Subsequent to the Employee Card Transfers, Central Bill Card Transfers, P-Card Transfers, and the LC Transfer, Defendant gave new value to or for the benefit of BearingPoint and/or other Debtors that was not secured by an otherwise unavoidable security interest and, on account of such new value, BearingPoint and/or other Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant, as contemplated by Section 547(c)(4) of the Bankruptcy Code.

**FIFTH AFFIRMATIVE DEFENSE**

102.    BearingPoint and/or other Debtors and/or their estates were reimbursed by clients for some or all of the Employee Card Transfers and Central Bill Card Transfers.  Therefore, under Section 550 of the Bankruptcy Code, the Liquidating Trustee is not permitted a duplicative recovery on such transfers.

**SIXTH AFFIRMATIVE DEFENSE**

103.    The parties voluntarily agreed to reduce the LC from $8 million to $700,000. Accordingly, BearingPoint and/or other Debtors and/or their estates were reimbursed for any transfer of property that resulted in the LC Transfer and, under section 550 of the Bankruptcy Code, the Liquidating Trustee is not permitted a duplicative recovery on any such transfer.

9739533

## SEVENTH AFFIRMATIVE DEFENSE

104.     The Postpetition Central Bill Card Transfers were authorized by the Bankruptcy Court.

## EIGHTH AFFIRMATIVE DEFENSE

105.     The postpetition payment for prepetition charges on the Employee Cards, which the Liquidating Trustee seeks to avoid in count four of the Amended Complaint, was authorized by the Bankruptcy Court.

## NINTH AFFIRMATIVE DEFENSE

106.     To the extent that Defendant received the LC Transfer, Defendant took the LC Transfer for value and in good faith.  Accordingly, the LC Transfer is not avoidable under Section 548(c) of the Bankruptcy Code.

## TENTH AFFIRMATIVE DEFENSE

107.     The employees of BearingPoint and/or other Debtors were the initial transferees of the Credit Loss Obligations under Section 550 of the Bankruptcy Code.

## ELEVENTH AFFIRMATIVE DEFENSE

108.     Defendant was a subsequent transferee of the Credit Loss Obligations who took the Credit Loss Obligations for value and in good faith.  Therefore, the Credit Loss Obligations are not recoverable under Section 550(b) of the Bankruptcy Code.

## TWELTH AFFIRMATIVE DEFENSE

109.     The Liquidating Trustee's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

110.     The Liquidating Trustee is precluded from recovering attorneys' fees from Defendant under applicable provisions of law.

9739533

## FOURTEENTH AFFIRMATIVE DEFENSE

111. The Liquidating Trustee is precluded from recovering punitive damages from Defendant under applicable provisions of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

112. The Liquidating Trustee's claims are barred, in whole or in part, by fraud.

## SIXTEENTH AFFIRMATIVE DEFENSE

113. The Liquidating Trustee, by its acts, omissions and/or conduct, is estopped, in whole or in part, from its right to obtain the relief sought in the Amended Complaint.

## RESERVATION OF RIGHTS

114. Defendant reserves the right to add additional affirmative defenses as they become known through investigation and/or discovery in this adversary proceeding.

## COUNTERCLAIM

Defendant, for its counterclaim ("**Counterclaim**") against Plaintiff, alleges upon information and belief, the following:

### The Parties

1. Defendant/Counterclaim Plaintiff American Express is a corporation organized under the laws of New York with its headquarters at the World Financial Center, 200 Vesey Street, New York, New York 10285.

2. From at least April 2003 until early in 2010, American Express provided BearingPoint, Inc. and certain of its affiliates (collectively, "**BearingPoint**") with charge card and other services.

3. Upon information and belief, on February 18, 2009 (the "**Petition Date**"), BearingPoint filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

9739533

4. Plaintiff/Counterclaim Defendant, John DeGroote Services, LLC, is a limited liability company organized under the laws of Delaware, with its principal place of business at 100 Crescent Court, Suite 700, Dallas, Texas 75201. Defendant brings this Counterclaim against John DeGroote Services, LLC, solely in its capacity as Liquidating Trustee to the BearingPoint, Inc. Liquidating Trust.

5. Pursuant to Section 5.7 of the Debtor's Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated November 2, 2009, which was confirmed by the Bankruptcy Court by Order entered December 22, 2009, the BearingPoint, Inc. Liquidating Trust became a successor to BearingPoint, and John DeGroote Services, LLC, was appointed the Liquidating Trustee.

## Jurisdiction and Venue

6. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 157 and 1334.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## Facts

8. At all relevant times, the relationship between American Express and BearingPoint was governed by a Global Corporate Services Commercial Account Agreement (the "**Master Agreement**") dated as of September 1, 2008.

9. On January 19, 2009, the parties amended the Master Agreement (the "**Master Agreement Amendment**"), pursuant to which BearingPoint agreed to provide American Express an $8 million irrevocable standby letter of credit ("**LC**").

10. On January 20, 2009, BearingPoint caused Wells Fargo Bank, N.A. to issue the LC in American Express' favor.

9739533

11.     The LC was intended to cover direct client liability and exposure on international cards and accounts, but the Master Agreement Amendment was drafted such that the LC covered any and all amounts owed under the Master Agreement and/or any related agreements.

12.     Pursuant to the Master Agreement Amendment, and the occurrence of several "Trigger Events," as such term is defined in the Master Agreement Amendment, American Express was entitled to draw up to the entire amount of the LC from at least as early as the Petition Date.

13.     As early as April 17, 2009, BearingPoint, then a debtor in bankruptcy in the above-captioned Chapter 11 cases, requested that American Express not draw on the LC for amounts owed under the Master Agreement.  Beginning no later than August of 2009, BearingPoint further requested that American Express agree to reduce the amount of the LC.  BearingPoint represented to American Express that many of BearingPoint's businesses had been sold off, that the number of holders of charge cards had decreased, and that it had been paying amounts owed to American Express under the Master Agreement.  As a result, BearingPoint represented that the full amount of the LC was unnecessary because BearingPoint had reduced American Express' exposure under the Master Agreement.

14.     In reliance on BearingPoint's representations, payments and assurances about reduced exposure, American Express voluntarily agreed on three occasions to reduce the amount of the LC.  By late October of 2009, the LC had been reduced from $8 million to a mere $700,000.

15.     BearingPoint made certain of the transfers alleged in the Amended Complaint, all the while knowingly concealing from American Express that BearingPoint intended to seek to avoid and recover such transfers and, if necessary, to commence this adversary proceeding (the "**Proceeding**").  In other words, BearingPoint induced American Express to give up its LC protection in exchange for what BearingPoint knew (but failed to disclose to American Express) would be direct payments as to which BearingPoint would later seek to avoid pursuant to the Bankruptcy Code.

9739533

16.	In the Spring of 2010, Plaintiff notified American Express, for the first time, of Plaintiff's intent to seek the avoidance and recovery of the transfers alleged in the Amended Complaint and threatened to commence this Proceeding.  By way of this Proceeding, American Express faces approximately $30 million in potential losses for amounts paid pursuant to the Master Agreement, including amounts that were covered by the LC.

17.	In the Amended Complaint, BearingPoint has alleged that American Express was secured by the LC.  *See* Amended Complaint, ¶ 74.

## Counterclaim For Fraudulent Inducement

18.	American Express repeats and realleges each and every allegation contained in the preceding paragraphs of this Counterclaim with the same force and effect as if set out in full herein.

19.	BearingPoint, by concealing its intent to seek the avoidance and recovery from American Express of certain transfers that are the subject of this Proceeding, falsely represented that American Express would not suffer any loss of amounts that were otherwise sheltered by the LC in agreeing to reduce the LC.

20.	In reasonable reliance on BearingPoint's false representations, American Express agreed to reduce the amount of the LC from $8 million to $700,000.

21.	To the extent this Court determines that American Express was secured by the LC and/or the LC Transfer (as such term is defined in the Amended Complaint) and, therefore, must return to BearingPoint certain transfers alleged in the Amended Complaint, American Express will suffer a loss.

22.	Had American Express not been fraudulently induced to agree to reducing the amount of the LC, American Express could have covered any such loss by drawing on the LC.

23.	Accordingly, to the extent American Express is required by the Court to return certain of the transfers alleged in the Amended Complaint, American Express is entitled to a judgment

-20-

on its Counterclaim, rescinding the agreements to reduce the LC, or such other remedy that would restore American Express to the position it would have been in but for BearingPoint's fraudulent inducement to reduce the LC and release the protection afforded by the LC.

## JURY DEMAND

Defendant hereby demands a trial by jury in all matters alleged in both the Amended Complaint and Defendant/Counterclaim Plaintiff's Counterclaim.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully request that the Bankruptcy Court deny the relief sought by the Liquidating Trustee, dismiss the Amended Complaint, grant Defendant/Counterclaim Plaintiff's Counterclaim and grant Defendant such other and further relief as may be just and proper.

Dated: New York, New York
       June 10, 2011

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By: /s/  Steven J. Reisman
    Steven J. Reisman
    Turner P. Smith
    Maryann Gallagher
    101 Park Avenue
    New York, New York 10178-0061
    Tel.: (212) 696-6000
    Fax: (212) 697-1559
    E-mail: sreisman@curtis.com
            tsmith@curtis.com
            mgallagher@curtis.com

*Counsel to American Express Travel Related
    Services Company, Inc.*

9739533